| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **NORTHERN DISTRICT OF CALIFORNIA** |
| 3 | **SAN JOSE DIVISION** |

WILLIAM VIRAY, ET AL.,

    Plaintiffs,

v.

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

Case No. 18-cv-00099-BLF

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND**

[Re: ECF 8, 9]

Plaintiff William Viray on behalf of himself and Natividad Navarro Viray, deceased, ("Plaintiffs"), proceeding *pro se*, filed an action in Small Claims Court in Santa Clara County Superior Court against Defendants United States Postal Service ("USPS"), Kaiser Permanente, and Stephen Meritt Raffle ("Raffle") (collectively, "Defendants"). *See* ECF 1-1 ("Compl."). The USPS removed the action to federal court pursuant to 28 U.S.C. § 1441(a) and (c) because it is a civil action against an agency of the United States, and Plaintiffs seek monetary damages from the United States of America.

Presently before the Court are unopposed motions to dismiss the Complaint filed by the USPS and Stephen Raffle M.D. *See* ECF 8, 9.[1] Defendant Kaiser Permanente filed an Answer to the Complaint. *See* ECF 12. Pursuant to Civil L.R. 7-1(b), the Court finds USPS' and Raffle's motions to dismiss suitable for submission without oral argument and hereby VACATES the hearings and Case Management Conference scheduled for May 31, 2018. Although Kaiser Permanente has not moved to dismiss this action, the Court will not exercise supplemental jurisdiction over the claims against Kaiser if Plaintiffs fail to plead a valid claim against USPS—which is the only basis for subject matter jurisdiction in federal court.

---

[1] Defendants filed their motions to dismiss on January 12, 2018, and January 18, 2018, respectively, both of which attached certificates of service. *See* ECF 8, 9. Plaintiffs' opposition to USPS' motion was due by January 26, 2018, and to Raffle's motion by February 1, 2018. *See* ECF 15, 16. Plaintiffs did not file an opposition to either motion within the allowable time, and have not filed any opposition at the time of this Order. Civ. L. R. 7-3(a).

For the reasons set forth herein, the Court GRANTS Defendants' motions to dismiss the Complaint WITH LEAVE TO AMEND.

## I. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although a statute-of-limitations assertion is an affirmative defense, a defendant may still raise a motion to dismiss based on the defense if the running of the limitations period is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (stating that, "[i]f the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss"). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.; see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim").

## II. DISCUSSION

USPS moves to dismiss the Complaint on the grounds that any grievances against the USPS arising from an alleged incident in August 2009 are barred by any applicable statute of limitations. *See* ECF 8. Raffle also argues that Plaintiffs' claims are time barred, and that the

2

Complaint fails to state a claim for which relief can be granted because Raffle is not on notice of the claims against him. *See* ECF 9.

Among other allegations, the Complaint alleges that Plaintiff William Viray is "demanding justice in the incident occurred [sic] in August of 2009. I need my two properties that belongs [sic] to me. These are unconsented two documents that have scribble lines. It is not real signatures. I am demanding lost wages. I am demanding of the death of my grandmother. I am demanding of violation rights and privacy. Those defendants who violated my rights, they are referring to themselves." *See* Compl. at 9.

The Court finds that these allegations are not clear, and do not satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8. Thus, Raffle is not on fair notice of any claim against him or the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *see also Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Moreover, the claims against Raffle are not plausible as the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, Raffle's motion to dismiss the claims against him is GRANTED WITH LEAVE TO AMEND.

The Court also notes that Plaintiffs accuse Defendants of committing "serious crimes" and that they should be in prison and "be death penalize[d]" for allegedly stealing documents from Plaintiffs. *See* Compl. at 9. To the extent they attempt to do so, Plaintiffs do not have standing to bring a criminal complaint against Defendants. Private citizens cannot file criminal charges. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office. *See, e.g.*, *Harbor v. Kim*, No. ED CV 16-01906-GW-KS, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). Because Plaintiffs lack standing to bring criminal charges against Defendants, the Court lacks subject matter jurisdiction over any such claims.

The Court agrees with USPS and Raffle that Plaintiffs' claims against them are also barred by any applicable statute of limitations. At multiple points in the Complaint, William Viray explains that Defendants owe him money because of lost wages, and for the loss of his grandmother, which he alleges occurred on August 18, 2009. Compl. at 2. The Complaint also alleges that he submitted a claim to the USPS on January 15, 2017, although USPS has no record of any such claim. *See* Compl. at 3. Accepting as true, as the Court must on a motion to dismiss, that Plaintiffs submitted a claim to USPS in January 2017, Plaintiffs still run into a statute of limitations issue in that they waited nearly eight years to bring their claims against Defendants.

As explained above, Plaintiffs claims against Defendants are not plausible and are subject to dismissal on that basis. It also appears on the face of the Complaint that any conceivable claim that Plaintiffs might allege with respect to the August 2009 incident would be time barred. For example, the only avenue for tort claims against the federal government (including USPS) is the Federal Tort Claims Act 28 U.S.C. § 2679(b). Thus, Plaintiffs were required to submit an administrative tort claim within two (2) years of the accrual of their claims. *See* 28 U.S.C. § 2675(a); *McNeil v. United* States, 508 U.S. 106, 110-11 (1993).

In addition, any employment discrimination claim against the USPS would require the initiation of contact with a counselor at the Equal Employment Opportunity Commission ("EEOC") within 45 days of the date of the matter alleged to be discriminatory. 29 C.F.R. § 1614.105(a)(1); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002). Moreover, claims under the Privacy Act are subject to a two-year statute of limitations, 5 U.S.C. § 552a(g)(5), and all claims arising out of another Act of Congress without an express statute of limitations are subject to a four-year statute of limitations, 28 U.S.C. § 1658(a). Finally, the "catch-all" statute of limitations for claims against the United States, including the USPS, is six (6) years. 28 U.S.C. § 2401(a); 39 U.S.C. § 409(b).[2]

---

[2] With respect to Defendant Raffle, who is not a United States Agency, the Court is not aware of any conceivably applicable statute of limitations in excess of eight years.

4

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the USPS and Raffle's motions to dismiss the Complaint on the grounds that Plaintiffs' claims against them are time barred. Because leave to amend should be freely given when justice so requires, and a motion to dismiss based on the statute of limitations defense should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled," the Court grants Plaintiffs LEAVE TO AMEND.

Moreover, the only basis for federal jurisdiction in this case is pursuant to 28 U.S.C. § 1441(a) and (c) because Plaintiffs have sued the USPS, an agency of the United States of America. The claims against USPS and Raffle have been dismissed as time barred. Absent the assertion of a viable federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims against Kaiser. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Thus, the entire Complaint is dismissed unless and until Plaintiffs are able to make out a viable federal claim.

USPS and Raffle have informed the Court that William Viray appears to have filed a request for dismissal of the Small Claims Court action on January 26, 2018, but it is not clear whether he also intends to dismiss the current action in this Court. *See* ECF 15. At the time of this Order, Plaintiffs have not filed a dismissal of the action in this Court. If Plaintiffs wish to amend their claims, Plaintiffs must file an amended complaint **on or before March 22, 2018.** Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiffs' claims with prejudice.

**IT IS SO ORDERED.**

Dated: February 20, 2018

_____
BETH LABSON FREEMAN
United States District Judge