# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM VIRAY, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | Case No. 18-cv-00099-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND; VACATING HEARINGS AND INITIAL CASE MANAGEMENT CONFERENCE SCHEDULED FOR AUGUST 16, 2018**<br><br>[Re: ECF 22, 28, 30] |

Presently before the Court are three separate motions to dismiss this action brought by Defendants United States Postal Service ("USPS"), Kaiser Permanente, and Stephen M. Raffle ("Dr. Raffle") (collectively, "Defendants"). *See* ECF 22, 28, 30. Pursuant to Civil Local Rule 7-1(b), the Court finds these motions suitable for submission without oral argument and hereby VACATES the hearings and initial Case Management Conference scheduled for August 16, 2018. For the reasons that follow, the Court GRANTS Defendants' motions to dismiss this action WITHOUT LEAVE TO AMEND.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

As explained in this Court's prior order granting Defendants' motions to dismiss with leave to amend, Plaintiff William Viray ("Mr. Viray") on behalf of himself and Natividad Navarro Viray, deceased, ("Plaintiffs"), proceeding *pro se*, filed an action in Small Claims Court in Santa

1    Clara County Superior Court against Defendants. *See* ECF 1-1 ("Compl."); ECF 18 ("Prior

2    Order"). The USPS removed this action to federal court pursuant to 28 U.S.C. § 1441(a) and (c)

3    because it is a civil action against an agency of the United States, and Plaintiffs sought monetary

4    damages from the United States of America.

5           Defendants USPS and Dr. Raffle filed motions to dismiss the original complaint, and

6    Kaiser Permanente filed an Answer. *See* ECF 8, 9, 12. On February 20, 2018, the Court granted

7    Defendants' motions to dismiss the original complaint with leave to amend. *See* Prior Order. The

8    Court explained that as alleged, all conceivable claims against Defendants arising from an alleged

9    incident in August 2009 are barred by any applicable statute of limitations. *Id.* The Court further

10   held that Plaintiffs' allegations were not clear and did not satisfy the notice pleading requirements

11   of Federal Rule of Civil Procedure 8. *Id.* In addition, the Court advised Plaintiffs that to the

12   extent they accuse Defendants of committing "serious crimes" and should be in prison or "be

13   death penalize[d]" for allegedly stealing documents, Plaintiffs do not have standing to bring a

14   criminal complaint against Defendants. *Id.* at 3 (citing *Harbor v. Kim*, No. ED CV 16-01906-

15   GW-KS, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal

16   proceedings lies within the discretion of the proper state or federal prosecuting authority")).

17          The Court dismissed the entire action, affording Plaintiffs leave to amend in order to allege

18   a viable claim against the USPS, which is the only basis for federal subject matter jurisdiction in

19   this Court. The Court received a letter from Mr. Viray on March 15, 2018 regarding this litigation

20   and his claims against Defendants. *See* ECF 19 ("Amended Compl."). The Court construed the

21   letter as an Amended Complaint filed within the applicable time for amendment and directed

22   Defendants to file responsive pleadings. ECF 20. The Court then received several additional

23   nearly identical letters from Mr. Viray. *See* ECF 21, 24, 25, 26, 29, 31, 31-1—31-7, 32. The

24   Court now STRIKES these documents, as they are legally improper and were filed without leave

25   of Court. The additional letters shall have no force or effect.

26          Each of the three Defendants moves to dismiss the Amended Complaint. The time for Mr.

27   Viray to file an opposition to each of Defendants' motions has expired and he has not filed an

28   opposition. *See* Civ. L. R. 7-3. Although the Court has received the letters described above from

Mr. Viray, none of the letters purports to be an opposition to any of the motions to dismiss. Moreover, none of the letters from Mr. Viray counters Defendants' arguments or corrects the deficiencies identified in the Court's Prior Order.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although a statute-of-limitations assertion is an affirmative defense, a defendant may still raise a motion to dismiss based on the defense if the running of the limitations period is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (stating that, "[i]f the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss"). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*; *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim").

## III. DISCUSSION

Although Defendants filed three motions to dismiss, each Defendant argues that Mr. Viray fails to state a claim upon because the allegations are not plausible, and claims arising from an

3

August 2009 incident is barred by any applicable statute of limitations.[1] *See* ECF 22, 28, 30.

The Court agrees with Defendants that the Amended Complaint fails to allege a viable claim because any potential statutes of limitations have expired for the alleged incident occurring in August 2009. Mr. Viray initiated this small claims action against Defendants in December 2017, more than eight years after the alleged incident. *See* ECF 1-1. As before, the only date mentioned in the Amended Complaint remains August 2009. *See* Amended Compl. at 1. From what the Court can tell, Mr. Viray alleges that he was employed by the USPS at a location in San Jose, California, and that "[b]efore August of 2009" the USPS office was a "hostile environment." *Id.* at 1. Mr. Viray alleges that he was going to file a complaint with the EEOC, but instead he told his manager in August of 2009 that he "resigned or quitted." *Id.* He goes on to allege that he was robbed, assaulted, abused, and harassed which "led to Kaiser Permanente and Stephen Meritt Raffle." *Id.* at 2.

Mr. Viray does not clearly differentiate between the conduct of the three Defendants or the other individuals that he identifies. To the extent that Mr. Viray is asserting a claim against the USPS—or any Defendant for that matter—for a hostile work environment, the claim is time barred. In order to allege employment discrimination, Mr. Viray was required to initiate contact with a counselor from the EEOC "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002).[2] In other words, Mr. Viray did not exhaust his administrative remedies, and concedes that he was "going to file a complaint to EEOC, but the management are giving problem which they are referring to themselves, not to myself." Amended Compl. at 1. On the face of the pleading, Mr. Viray alleges that he resigned from the USPS in 2009 and that he did not comply with the EEO requirements, and thus he cannot bring employment discrimination claims in federal court.

---

[1] Because Mr. Viray's amendments do not appear to assert any claims on behalf of Natividad Navarro Viray, deceased, the Court GRANTS WITHOUT LEAVE TO AMEND Defendants' motion to dismiss all claims asserted on behalf of Natividad Navarro Viray.
[2] The Amended Complaint does not include the previous allegation that Plaintiffs submitted a complaint to the USPS in January 2017. In any event, bringing a claim nearly eight years after the alleged August 2009 incident is still time barred.

4

Any other conceivable claims against Kaiser Permanente and Dr. Raffle are also time barred. If Mr. Viray is alleging a personal injury claim against Kaiser Permanente or Dr. Raffle regarding his medical treatment, California law requires that such a claim be filed within two years of the date the challenged act or omission occurred. *See* Cal. Code Civ. P. § 335.1. The statute of limitations for professional negligence is one year from the date the plaintiff knows or should have known of the injury, or three years from the date of the injury, whichever is earlier. Cal. Code Civ. P. § 340.5. In addition to being time barred, Mr. Viray's allegations utterly fail to plead facts rendering a claim for negligence or personal injury against Defendants plausible. For example, Mr. Viray alleges that Dr. Raffle "threatened" him by showing his "pens" and "proving to stab me if I don't follow their psychological manipulation or mobbing which is why they are not ok." Amended Compl. at 2. Even if adequately pled, which it is not, a civil action for assault must be filed within two years of the alleged incident. *See* Cal. Code Civ. P. § 335.1.

Mr. Viray alleges that he does not believe that the statute of limitations bars his claims "because my grandmother died. I didn't have money and food to give to her because I had not worked for three years." Amended Compl. at 2. Even if Mr. Viray's grandmother died after August 2009, Mr. Viray has alleged no facts to raise a plausible inference that any of the Defendants are responsible for her death, or that his grandmother's death would toll the statute of limitations. Even if the Court were to accept Mr. Viray's assertion that he "kept quitting due to United States Postal Service act of unkindness or libel and slander," and thus was not able to provide for his grandmother, there is no plausible causal link between Defendants' alleged conduct and the death of Mr. Viray's grandmother. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (holding that although a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") Mr. Viray's claims are not facially plausible because the Court is unable "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Similarly, Mr. Viray's claim for loss of consortium regarding his separation from other family members lacks factual specificity and does not allege how or why any of the Defendants are responsible for such loss.

5

To the extent that Mr. Viray is alleging defamation, libel, or slander against the USPS, the Court lacks subject matter jurisdiction over such claims. *See* Amended Compl. at 2. The Federal Tort Claims Act ("FTCA") governs tort claims against the federal government. *See* 28 U.S.C. § 2679(b). Libel and slander are expressly excluded from the FTCA's waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h). Courts have further held that "[d]efamation claims are the equivalent of libel and slander and thus exempt from the waiver of sovereign immunity under the intentional tort exception." *Garling v. United States EPA*, 849 F.3d 1289, 1298-1299 (10th Cir. 2017). Moreover, libel or slander claims against Kaiser Permanente and Dr. Raffle are time barred, as the applicable statute of limitations under California law for such claims is one year from the alleged act. Cal. Code Civ. P. § 340(c).[3]

Finally, the Court previously advised Plaintiffs that they lacked standing to bring a criminal complaint against Defendants. *See* Prior Order at 3. Private citizens cannot file criminal charges. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office. *See, e.g.*, *Harbor v. Kim*, No. ED CV 16-01906-GW-KS, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). Accordingly, Mr. Viray's allegations that he prefers Defendants to go to prison, or in the alternative to be placed under house arrest, are an improper attempt to prosecute Defendants for criminal, rather than civil, liability. *See* Amended Compl. at 2-3. Similarly, Mr. Viray's allegation that his demands should

---

[3] In fact, Defendants and the Court cannot conceive of any claim arising from Mr. Viray's allegations with a statute of limitations that would extend beyond eight years. Breach of contract claims are subject to a four year (written) or two year (oral) statute of limitations. Cal. Code Civ. P. §§ 337, 339. Injury to personal property has a three year statute of limitations under California law. Cal. Code Civ. P. § 338(b), (c). As it pertains to Kaiser Permanente and Dr. Raffle, health care fraud claims brought pursuant to the False Claims Act would also be time barred, as such claims must be brought no more than six years after the date of the violation of the Act or no more than three years after the plaintiff knew or should have known of the violation. 31 U.S.C. § 3731(b). Not only did all of these statutes of limitations expire with respect to the August 2009 incident prior to the filing of this action in December 2017, Mr. Viray's pleading does not provide factual support for any of these claims.

6

result in "capital punishment" of Defendants because of his grandmother's death, and that he should get billions of dollars because of the "severity of the crime," are legally improper in addition to being unsupported by any factual allegations.

For the foregoing reasons, Defendants' motions to dismiss this action are GRANTED WITHOUT LEAVE TO AMEND. Mr. Viray's claims are barred by the statutes of limitations under any conceivable theory. Moreover, his allegations fail to comply with Rule 8's notice pleading requirements and he fails to state a plausible claim against Defendants under *Twombly* and *Iqbal*.

Although leave to amend should be freely given, the Court is not required to grant leave to amend if the Court determines that permitting amendment would be an exercise in futility. *See, Enriquez v. Aurora Loan Servs., LLC*, 509 F. App'x 607, 608 (9th Cir. 2013); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.") Despite the Court's Prior Order directing Plaintiffs to cure the statute of limitations and factual pleading issues, the Amended Complaint does not cure the identified deficiencies. Mr. Viray has also provided no indication that leave to amend would not be futile. Because the Court has previously afforded Mr. Viray leave to amend, and further amendment "would be an exercise in futility" as well as prejudicial to Defendants, Mr. Viray's claims against Defendants are DISMISSED WITH PREJUDICE.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motions to dismiss the Amended Complaint are GRANTED WITHOUT LEAVE TO AMEND.
2. The hearings and Case Management Conference scheduled for August 16, 2018 are hereby VACATED.

Dated: April 25, 2018

_____
BETH LABSON FREEMAN
United States District Judge

7